UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1078 CDP |
| | ) | |
| JOE PHILLIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This § 1983 case is before me on the motions for summary judgment filed by both defendants. Defendant Joe Phillips worked for defendant Velda City when he stopped, detained, and sexually assaulted plaintiff. Although Phillips was driving a Velda City police car (equipped with red police lights which he used in making the traffic stop), was wearing a Velda City police uniform, and was carrying a Velda City badge and handcuffs – all with the knowledge and approval of the City – he was not actually a trained police officer. Instead, he was the building commissioner (sometimes referred to as a handyman) who was routinely dispatched on police calls by the City. There is evidence that many people in the City, including other officers who had complained to their supervisors about Phillips' actions in the past, as well as the Police Chief, the Mayor, and some

Aldermen, knew that it was the practice of the City to dispatch untrained "reserve" officers to respond to calls for police and to patrol the city.

Phillips, who is now in federal prison because he pleaded guilty to crimes related to these events (and who now has asserted his fifth amendment privilege and has refused to testify) claims that he is entitled to qualified immunity. I reject this argument for many reasons, and so I will deny his motion for summary judgment.

The City asserts that it cannot be held liable because it did not have a policy authorizing untrained reserve police officers to arrest, search, and sexually assault citizens. The City's motion presents a close case, because the circumstances under which a municipality can be held liable under 42 U.S.C. § 1983 are extremely limited. Having carefully reviewed the evidence and the law, I conclude that factual disputes remain that preclude summary judgment. When the disputed evidence is viewed in the light most favorable to plaintiff, there is sufficient evidence from which a fact-finder could conclude that the City was deliberately indifferent to the rights of citizens such as plaintiff, and that plaintiff's injuries were caused by the City's unconstitutional custom and practice. I will therefore deny the City's motion for summary judgment as well.

## Discussion

In ruling on summary judgment, the Court views the facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish the absence of a genuine issue of material fact and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but must set forth by affidavit or other evidence specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in its favor. *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

## Qualified Immunity

Phillips argues that plaintiff's claims against him in his individual capacity are barred by qualified immunity. Qualified immunity is a question of law, *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005), and thus it is appropriately resolved on summary judgment, *see Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). In determining whether Phillips is entitled to qualified immunity, I must consider two questions: (1) whether the facts as shown, construed in the light most favorable to the plaintiff, establish that Phillips violated her constitutional or statutory rights, and (2) whether the rights were clearly established at the time of the incident, such that a reasonable official would have known that his actions were unlawful. *See Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815-16 (2009); *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson*, 129 S. Ct. at 818. In order for a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The actions Phillips took toward plaintiff and to which he pleaded guilty violated plaintiff's clearly established constitutional rights. No reasonable police officer or other

government employee in Phillips' position would have believed that the actions he engaged in were anything but unlawful.

## Municipal Liability

Plaintiff has sued Phillips in his official capacity and has also sued the City. A suit against a government official in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690 n. 55 (1978). "[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Municipalities cannot be held liable on a *respondeat superior* theory under § 1983 for the acts of their employees. *Monell*, 436 U.S. at 694. A municipality may be liable under § 1983 for acts for which the municipality itself is actually responsible. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

In *Monell*, the United States Supreme Court held that municipalities may be liable under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality. *Monell*, 436 U.S. at 690. Liability under *Monell* requires: (1) a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2)

deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials; and (3) a showing that the policy or custom was the moving force behind the injury to the plaintiff's constitutional rights. *Jane Doe A v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 646 (8th Cir. 1990). Liability attaches only where the decisionmaker possessed final authority to establish municipal policy. *Praprotnik*, 485 U.S. at 123; *City of Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

In *City of Canton v. Harris*, 489 U.S. 378 (1989), the Court expanded or clarified its municipal liability jurisprudence. It held that a city's failure to train its police officers could give rise to § 1983 liability. *Id.* at 378. Whether failure to train constitutes a policy or custom does not require the existence of a continuing, widespread, and persistent pattern of unconstitutional misconduct like *Monell*. *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996). The training or failure to train becomes the policy or custom required to be proven. If the policy itself is unconstitutional then municipal liability can be established where the misconduct is linked to the unconstitutional policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). But if the policy is not itself unconstitutional, "considerably more proof than the single incident will be

necessary" to contribute fault to the municipality and establish the causal connection between the policy and the constitutional deprivation. *Id.* at 824.

Ultimately, the plaintiff must prove that (1) the city's training procedures were inadequate, (2) it was deliberately indifferent to the rights of its people in adopting the procedures, such that the failure to train reflects a deliberate or conscious choice by the municipality, and (3) the alleged deficiency actually caused the harm. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996). Notice that the procedures were inadequate can be implied if (1) the failure to train is so likely to result in a constitutional violation that the constitutional violation was patently obvious or (2) a pattern of misconduct indicates the current training is insufficient to protect constitutional rights. *Larson*, 76 F.3d at 1454. A direct causal link between a municipal policy or custom and the alleged constitutional deprivation must be established. *Canton*, 489 U.S. at 390-91. The question becomes: "would the injury have been avoided had the employee been trained under a program that was not deficient in the identified respect." *Id.* at 391.

Here, plaintiff has alleged a City custom of allowing untrained and unqualified personnel to exercise the police powers of search and arrest. She has submitted evidence that the City routinely dispatched untrained and unqualified personnel, at least one of whom was a felon, on police business, in police uniforms

and in police cars. While such a policy may not itself be unconstitutional, plaintiff has submitted evidence from which a jury might conclude that the lack of supervision and training shows deliberate indifference to the rights of citizens, and that her injury was the result of that custom. Viewing the facts in the light most favorable to plaintiff and making all reasonable inferences in her favor, at least three untrained and unqualified personnel were routinely dispatched on police business during the relevant time period. Phillips was dispatched over 100 times in response to calls and was also routinely issued a City police car with instructions to patrol the City.

The City points to cases holding that a city cannot be held liable for failing to "specifically train officers not to rape" citizens. *See Andrews v. Fowler,* 98 F.3d 1069, 1077 (8th Cir. 1996). The facts of this case, however, present a different issue than the traditional failure to train case where an otherwise qualified police officer was allegedly not trained on a specific procedure. Here, Phillips and similarly situated personnel were not police officers, received no formal police training, and frequently performed police duties under circumstances that would lead citizens to believe they were dealing with actual police officers. A reasonable jury could find that considering the job duties assigned to Phillips, the apparent authority afforded to him, and the lack of *any* safeguards or training,

the City knew that an unlimited number of constitutional violations were likely to occur.

The City points to an ordinance that prohibited persons such as Phillips from exercising the police powers that he undoubtedly exercised in this case: conducting a stop, search, and detention. But the City may not be protected from liability if a jury were to find its custom violated that ordinance or that, even if Phillips was not technically allowed to arrest and search, the City placed its citizens' constitutional rights at risk by giving him job duties and apparent authority that made such misconduct likely to occur. As the Eighth Circuit recently explained:

> Where a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a "policy" by demonstrating that the inadequacies were a product of deliberate or conscious choice by policymakers. The standard of fault in that situation is "deliberate indifference" to constitutional rights. . . . [plaintiff] must demonstrate that the municipal action was taken with "deliberate indifference" as to its known or obvious consequences . . . . Thus, only where the municipality's failure to adopt adequate safeguards was the product of deliberate indifference to the constitutional rights of its inhabitants will the municipality be liable for an unconstitutional policy under § 1983.

*Szabla v. Brooklyn Park*, 486 F.3d 385, 390 (8th Cir. 2007) (citations omitted). Plaintiff has presented enough evidence in opposition to defendants' motions for

this case to proceed to trial, and summary judgment is not appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to supplement the record [#75] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant City of Velda's motion for summary judgment [#45] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Joe Phillips motion for summary judgment [#48] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for hearing [#74] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2011.